IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELICA GWINNETT | : | |
| 156 Hamilton Ave | : | CIVIL ACTION |
| Lodi, NJ 07644 | : | |
| *Plaintiff* | : | |
| v. | : | NO. |
| MOUNT AIRY CASINO RESORT, | : | |
| LP | : | |
| 312 Woodland Road | : | |
| Mt. Pocono, PA 18344 | : | |
| *Defendant* | | |

## COMPLAINT

## PARTIES

1. Plaintiff Angelica Gwinnett is an adult individual residing at 156 Hamilton Ave, Lodi, NJ 07644.

2. Defendant Mount Airy Casino Resort, LP (hereinafter "Mount Airy Casino") is a business organization organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of 312 Woodland Road, Mt. Pocono, PA 18344.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 28 USC §1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy is in excess of $75,000.

4. Venue is proper in this District because the accident occurred in Mt. Pocono, PA, which falls under the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

5. At all relevant times, Defendant Mount Airy Casino acted through its agents, workers, and/or employees, all of whom were working in the course and scope of their authority and employment with Defendant Mount Airy Casino.

6. At all relevant times, Defendant Mount Airy Casino owned and/or operated and/or maintained a casino complex located at 312 Woodland Road, Mt. Pocono, PA 18344, including the restrooms on the premises.

7. At all relevant times, Defendant Mount Airy Casino had a duty to ensure that its agents and employees did not create dangerous conditions on its premises, including in the restrooms.

8. At all relevant times, Defendant Mount Airy Casino had a duty to ensure that dangerous conditions did not exist on its premises, including in the restrooms.

9. At all relevant times, Defendant Mount Airy Casino had a duty to warn patrons, such as Plaintiff Angelica Gwinnett, of dangerous conditions on its premises, including in the restrooms.

10. On February 3, 2019, water existed on the floor of the women's restroom in the Mount Airy Casino.

11. At all relevant times, the water on the floor of the restroom represented a dangerous condition of the premises.

12. At all relevant times, Defendant Mount Airy Casino, its employees and/or agents created the dangerous condition with mops, water, and/or other equipment.

13. At all relevant times, Defendant Mount Airy Casino , its employees and/or agents had notice of the dangerous condition.

14. At all relevant times, Defendant Mount Airy Casino failed to dry and/or clean the dangerous condition.

15. At all relevant times, Defendant Mount Airy Casino failed to warn patrons, including Plaintiff Angelica Gwinnett, of the dangerous condition.

16. On or about February 3, 2019, Plaintiff Angelica Gwinnett was a business invitee at the Mount Airy Casino on the Mount Airy Casino premises.

17. On or about February 3, 2019, while Plaintiff was in a ladies' restroom of the Mount Airy Casino, she slipped and fell on the aforesaid water, suffering the serious personal injuries and damages set forth below and incorporated by reference.

18. The incident was caused solely due to the negligence and carelessness of Defendant and was due in no part to any act or failure to act on the part of Plaintiff Angelica Gwinnett.

## COUNT I
## PLAINTIFF ANGELICA GWINNETT V. DEFENDANT MOUNT AIRY CASINO RESORT, LP

19. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 18 as though the same were set forth fully herein at length.

20. Defendant Mount Airy Casino Resort, LP was careless and negligent in:

   a. Creating the dangerous wet floor in the ladies' restroom;

   b. Leaving the floor of the ladies' restroom in a wet and dangerous condition;

   c. Failing to properly and adequately clean the floor of the ladies' restroom;

   d. Failing to properly and adequately inspect the premises, including the ladies' restroom, to determine that it was in a safe condition;

   e. Failing to warn Plaintiff of the dangerous condition of the floor of the ladies' restroom;

  f. Failing to train, supervise, and instruct its employees in the proper care of the ladies' restroom;

  g. Failing to train, supervise, and instruct its employees in the proper inspection of its premises, including the ladies' restroom;

  h. Failing hire competent employees to maintain the premises in a safe condition; and

  i. Failing to have and/or enforce adequate policies and procedures for maintaining the ladies' restroom in a safe condition.

21. As a result of the negligence and carelessness of Defendant, Plaintiff Angelica Gwinnett suffered severe injuries to her muscles, bones, ligaments, and tissues of her body, including but not limited to: cervical disc herniations; cervical disc injuries; cervical disc herniation/injury impinging on the spinal cord; cervical nerve root impingement; cervical injuries requiring anterior spinal cord surgical decompression at C6-7 and C5-6, bilateral foraminectomies at C6-7 and C5-6, interbody fusion at C6-7, and cervical hardware implantation including screws and plate; post-traumatic cervical facet joint pain syndrome; C5 radiculopathy; C6 radiculopathy; C7 radiculopathy; lumbar disc herniation; lumbar disc injuries; lumbar nerve root injuries; lumbar disc herniation/injuries impinging on the spinal cord; L4 radiculopathy; L5 radiculopathy; S1 radiculopathy; post-traumatic lumbar facet joint pain syndrome; left hip contusion; left hip bursitis; aggravation of rheumatoid arthritis; post-operative pneumonia; depression; and injuries to her nerves and nervous system, the full extent of which have yet to be determined, any of which are permanent, all of which have caused her great pain and suffering and in the future will continue to cause her pain and suffering.

22. As a direct and proximate result of the negligence of Defendant, Plaintiff has required surgical procedures and hospitalizations.

23. As a direct and proximate result of the negligence of Defendant, Plaintiff has been obligated to undergo and receive medical attention and care and will continue to receive and undergo medical attention and care in the future.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff has incurred medical, hospital and other expenses attendant to the treatment of her injuries and medical conditions.

25. As a direct and proximate result of the negligence of Defendant, Plaintiff has been caused to suffer and continues to suffer pain, discomfort, and limitation of motion, all of which injuries may be permanent.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff has been caused to suffer physical pain and extraordinary mental and emotional anguish and distress.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff has sustained and will in the future continue to sustain loss of life's pleasures and loss of enjoyment of life.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered a loss of earnings and a loss of earning capacity.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered scarring and disfigurement.

30. As a direct and proximate result of the negligence of Defendant, Plaintiff has in the past and will in the future continue to incur financial losses and expenses.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff has been prevented in the past and will in the future be prevented from performing her usual avocations, occupations and activities, all to her great loss and detriment.

WHEREFORE, Plaintiff Angelica Gwinnett requests that judgment be entered in her favor and against Defendant Mount Airy Casino Resort, LP for a sum in excess of One Hundred Fifty Thousand dollars ($150,000), together with interest and costs of suit.

LOWENTHAL & ABRAMS, P.C.

BY: /s/ *Gary Solomon*
GARY SOLOMON, ESQUIRE
Attorneys for Plaintiffs
555 City Line Avenue, Suite 500
Bala Cynwyd, PA  19004
(610) 667-7511